UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE AND GRANTING DEFENDANT'S MOTION TO DISMISS |
| This document relates to: *Gillespie v. Wyeth, C03-3616* | |

This matter comes before the court on defendant Wyeth's motion to dismiss pursuant to Fed. R. Civ. P. 25 and on plaintiff's motion to substitute. Having considered the motions, the court finds and rules as follows:

This case was originally filed on December 30, 2002. Plaintiff Mae Francis Gillespie passed away on February 7, 2004. On March 22, 2005, defendant filed a suggestion of death pursuant to Fed. R. Civ. P. 25, triggering plaintiff's obligation to file a motion to substitute a new plaintiff within 90 days. Plaintiff did not do so until July 6, 2005, approximately a week after the June 27, 2005 deadline and after Wyeth filed the instant motion to dismiss.

Wyeth now seeks dismissal of plaintiff's claims for her failure to comply with the Fed. R. Civ. P. 25 deadline. That rule

ORDER
Page – 1 –

provides, in relevant part, "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party."

While plaintiff represents that the putative substitute – plaintiff's sister – is in the process of being appointed legal representative of plaintiff's estate, she submits no proof that such appointment has yet taken place. The court has in the past found that the intent to become legal representative is an inadequate substitute for actual legal representative status. *See, e.g.*, *Craven v. Wyeth*, C03-3811, July 25, 2005, Order Denying Plaintiff's Motion for Substitution. Plaintiff's sister is simply ineligible to be substituted for plaintiff, and the motion to substitute is therefore denied.

Plaintiff also argues that Fed. R. Civ. P. 6 provides for an enlargement of the 90-day period upon a showing of excusable neglect. Plaintiff has failed, however, to demonstrate that the conceded neglect of counsel and counsel's staff was excusable, or indeed provide any explanation at all.[1] Under Fed. R. Civ. P. 25, the court "*shall*" dismiss an action where plaintiff has failed to file a timely motion to substitute after death (emphasis added). In the absence of a showing of excusable neglect or other ratio-

---

[1] The affidavit offered in purported excuse merely avers that plaintiff's counsel's paralegal misplaced Wyeth's motion to dismiss. It is unclear in which way this excuse relates to plaintiff's failure to timely substitute.

ORDER
Page - 2 -

nale for an exception to the rule, the court is left without discretion. This matter is therefore dismissed.

DATED at Seattle, Washington this 22nd day of November, 2005.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3 -